UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES WARREN, JR.; LOREN LEWIS; JEFFREY SARVER; JAIME TRAVIS, on their own behalf and on behalf of a class of those similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:24-cv-126 |
| HOWARD COUNTY SHERIFF, in his official capacity; HOWARD COUNTY, INDIANA, | ) ) ) ) ) | |
| Defendants. | ) | |

**Class Action Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. The Howard County Jail is more than 30 years old and is chronically and seriously overcrowded. As a direct result, violence between prisoners is a common experience as prisoners are crammed into overcrowded cells and cell areas. Prisoners receive inadequate recreation. There is inadequate supervision of the prisoners. Conditions in the Jail violate the requirements of the United States Constitution. Declaratory and injunctive relief should issue to address and remedy the systemic problems in the Jail.

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

[1]

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202, and by Rule 57 of the Federal Rules of Civil Procedure.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

**Parties**

6. James Warren, Jr.; Loren Lewis; Jeffrey Sarver; and Jaime Travis are adults who are currently confined to the Howard County Jail.

7. The office of the Howard County Sheriff is sued pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

8. Howard County, Indiana, is a county located in north-central Indiana. Its executive is the Howard County Commissioners.

**Class action allegations**

9. This action is brought by plaintiffs on their own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

10. The class is defined as:

   all persons currently confined, or who will in the future be confined, in the Howard County Jail.

11. All the requirements of Rule 23(a) are met in this cause in that:

   a. The class is so numerous that joinder of all members is impractical. Although the Jail has approximately 360 permanent beds, it regularly houses more prisoners than there are available beds so that many prisoners

        are required to sleep on the floor of the cells and the membership of the class is constantly changing as prisoners enter and leave the facility.

    b.    There are questions of law or fact common to the class: whether conditions in the Howard County Jail violate the United States Constitution.

    c.    The claims of the representative parties are typical of those of the class.

    d.    The representative parties will fairly and adequately protect the interests of the class.

12.    The further requirements of Rule 23(b)(2) are met in this cause as at all times defendants have acted or have refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

13.    Undersigned counsel are appropriate persons to be appointed as counsel for the class pursuant to Federal Rule of Civil Procedure 23(g) and should be appointed.

**Legal background**

14.    Indiana law provides that the sheriff of a county must "take care of the county jail and the prisoners there." Ind. Code § 36-2-13-5(a)(7).

15.    The county commissioners of each Indiana county, as the county executive, have the statutory duty to "establish and maintain a . . . county jail." Ind. Code § 36-2-2-24(a). This includes not only providing a jail, but also keeping it in good repair. *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356 (Ind. Ct. App. 1994).

**Factual allegations**

    *General allegations*

16. The Howard County Jail is more than 30 years old.

17. At the current time it has 364 total permanent beds.

18. However, the Jail routinely houses more prisoners than there are available beds, requiring prisoners to sleep on the floor.

19. A jail facility is deemed to be overcrowded long before it gets to 100% of its capacity.

20. This is because when a jail exceeds approximately 80% of its capacity, it becomes difficult, if not impossible, to conduct classification of prisoners much beyond separating men and women.

21. The population of the Howard County Jail consistently exceeds this 80% figure.

22. Classification is essential to protect the safety of both prisoners and staff. For example, prisoners with mental and physical disabilities should be separated from those without disabilities, prisoners who are prone to be preyed upon should be separated from predators, prisoners who have previous problems with each other should be separated, and so forth.

23. The population pressures on the Howard County Jail prevent effective classification.

24. As a result of the overcrowding, more persons are assigned to cells than there are permanent beds in the cells. The "extra" prisoners must sleep on the floors of the cells because the permanent beds are occupied.

25. Some of the "extra" prisoners are provided plastic platforms, called "boats," for their mattresses that would otherwise be placed on the floor. However, not all of the "extra" prisoners are provided "boats" and their mattresses are placed directly on the floors of the cells.

26. The placement of more prisoners in the cells than there are permanent beds causes an enormous amount of tension as space is extremely tight. Toilets are in each cell and when prisoners are on the floor they have to be stepped over for the prisoners in the permanent beds to use the toilets. The "extra" prisoners in each cell are forced to sleep near toilets.

27. Space is so tight that the person on the floor must stand up when another person uses the toilet. If they do not, male prisoners on the floor will be splattered with urine.

28. Prisoners on the floor are frequently stepped on, causing injuries and fights.

29. The prisoners are locked into their cells at night.

30. Prisoners are locked into cells for their meals and with three people in the cell one person has to end up sitting on the toilet to eat.

31. All of this results in cells that are too crowded for habitation: the small amount of usable cell space is taken up by the extra mattress, and all of the prisoners' activities are therefore heavily constrained.

32. Immediately outside of the cells there is a "day area" containing a number of tables, showers, telephones, and kiosks for electronic access so that, among other things,

prisoners may file grievances. Prisoners may be released into this area for a few hours each day.

33. Due to the fact that the Jail is overcrowded, there is insufficient room in the "day areas" to engage in any meaningful exercise as there are too many prisoners in the area.

34. The fact that there are extra prisoners in each block results in difficulty in prisoners making calls or using the kiosks. This causes elevated tension and hostility between the prisoners.

35. Recreation outside of the prisoners' cell blocks is rarely provided.

36. In order for the safety of prisoners to be assured, there must be the ability to observe prisoners at all times.

37. Although there are some cameras in the cell blocks in the Howard County Jail, there are many areas that cannot be observed via the cameras.

38. There are control areas that allow staff to look into the cell blocks, but at times there are no staff persons in the areas.

39. Although staff are supposed to walk through the cell blocks every hour, this does not always occur.

40. Because of the tension caused by the constant overcrowding, there are frequent assaults and fights involving the prisoners. Many of these are not seen by the staff and are not reported to them.

41. The assaults sometimes result in prisoners having to go to the hospital for medical

attention.

42. Prisoner violence against jail staff also frequently occurs.

43. There has been a suicide in the Jail in the last few months as well as at least two instances of prisoners attempting suicide.

44. The cells are dirty and perhaps because of the age of the Howard County Jail, many cells experience leaks from plumbing fixtures. These result in prisoners having to put their bedding or boats on wet floors.

*The plaintiffs*

### JAMES WARREN, JR.

45. James Warren, Jr., has been in the Howard County Jail since September of 2023 after being convicted of criminal offenses. He is currently in cellblock 3-B, which contains two-person cells.

46. At the current time, a majority of cells in 3-B is occupied by three prisoners, with the third prisoner having to sleep on the floor. At times every cell has had three prisoners in them.

47. After he came into the Howard County Jail in September of 2023, he was the third prisoner in a two-person cell and he spent approximately six weeks on the floor.

48. He is personally aware of the tension and hostility that occurs because of the overcrowding and all that comes from it as noted above.

49. He is aware of prisoners who had to be taken to the hospital after physical

violence.

50. He is personally aware that there are areas in the cell block where cameras do not reach and prisoners are able to attack and assault each other without staff even knowing about it or interfering.

51. He is personally aware that prisoners are not properly classified and has seen mentally ill prisoners and prisoners with mental and physical disabilities who are preyed upon and extorted by other prisoners.

52. Prisoners on his unit are supposed to be allowed out of their cells for approximately 6 hours a day, although they are frequently released for less time.

53. Prisoners are provided out-of-unit recreation only 1 hour a week.

54. When the prisoners are out of their cells the day area is crowded. The same is true of the recreation area.

55. On December 14, 2023, Mr. Warren filed a grievance through the kiosk, complaining that the Jail was overcrowded. On December 16, 2023, he received a response indicating that at that point there was not a third person in his cell. A new third person was put in his cell on December 17, 2023.  He appealed immediately, noting that the third person had just bonded out and that generally there were always three people in the cell. He has heard nothing further and has exhausted all available grievances as he cannot appeal the nonresponse.

<u>LOREN LEWIS</u>

56. Loren Lewis has been in the Howard County Jail since May of 2023. He is currently in the 4-B cellblock and has been for most of his jail stay.

57. The 4-B cellblock contains 16 cells that each have two permanent beds.

58. Frequently all the cells have a third persons placed in them so that this extra person must sleep in the floor.

59. Until yesterday there were consistently 3 people in his cell. One was moved out yesterday and he anticipates that one will be moved back in today. However, both he and his cellmate are restricted to the bottom bunk because of medical issues. So he remains on the floor in a boat that is broken so he will get wet because of plumbing leaks and holes in the wall.

60. The cell is too small for three people and having to sleep on the floor causes a great deal of tension and agitation between the prisoners leading to frequent violence and the constant threat of violence.

61. He is aware that staff are supposed to walk through and inspect the cell blocks at least once an hour. However, at times this does not happen.

62. He has experienced water leaking into his cell so that he had to put his mattress onto a wet floor.

63. There is mold and rust on the walls of the unit and cracks in the wall bringing in cold air.

64. While he has been in the Jail he has contracted scabies, and it still has not been controlled.

65. He is personally aware that prisoners are not properly classified as he is currently housed with someone that he is supposed to be separated from because of potential violence and he is aware that prisoners on the unit with mental health issues are preyed upon by other prisoners.

66. Prisoners on his unit are supposed to be allowed out of their cells for one hour each shift, but frequently this does not happen and the prisoners remain locked in their cells.

67. Prisoners in 4-B cellblock are not provided out-of-unit recreation.

68. When the prisoners are out of their cells the day area is crowded.

69. A number of months ago, Mr. Lewis filed a grievance electronically on the kiosk in his unit, which is the only way that grievances can be filed, concerning the fact that the Jail was overcrowded and that he was placed on the floor. He received a response on the kiosk, which allowed him to appeal to the Lieutenant and he did so as he was not satisfied with the initial response. He received a response from the Lieutenant on the kiosk and he was able to, and did, appeal to the Captain. However, he has heard nothing further and he has exhausted all grievance remedies available to him.

### J<small>EFFREY</small> S<small>ARVER</small>

70. Jeffrey Sarver has been in the Howard County Jail since May of 2022. He is

currently awaiting trial.

71. He is currently in the cell block designated as 3-A, which contains 24 cells that each have two permanent beds.

72. Most of the cells in 3-A currently house three prisoners, with the third prisoner having to sleep on the floor.

73. Until last week his cell continuously had someone on the floor. When Mr. Sarver first came into the Jail he was on the floor of a cell in a plastic boat for more than 40 days.

74. The cell is too small for three people and having to sleep on the floor causes a great deal of tension and agitation between the prisoners, leading to violence and the constant threats of violence.

75. In fact, he was assaulted by another prisoner.

76. He is aware that prisoners are not properly classified. For instance, he is aware that persons facing misdemeanors for non-violent offenses and who are not violent are placed with violent prisoners facing serious felony charges. He is also aware of persons with obvious mental health problems being placed with violent prisoners where they are preyed upon.

77. He is 70 and was assaulted by a young prisoner.

78. Recreation outside of the cell block has occurred only once a week, although recently prisoners were informed it would occur twice a week and it was received twice this week. However, because there are so many people in the cell block, the recreation

area is extremely crowded and meaningful recreation is not possible.

79. Mr. Sarver has filed a number of grievances complaining about the overcrowding. However, he has received no responses and he has exhausted all grievance remedies available to him.

### JAIME TRAVIS

80. Jaime Travis has been confined in the Howard County Jail since September of 2023. He is awaiting trial.

81. Mr. Travis is currently confined in the 4-A cellblock, which contains 16 cells with two permanent beds in each cell. The cells frequently have three prisoners confined in them, with the third prisoner on the floor. Until last week he was in a cell with 2 other persons.

82. At times, every cell has had an extra person assigned to it.

83. There are also two separate areas within the unit of three double-cells each that are reserved for protective custody prisoners. Each of these cells frequently house three prisoners.

84. From early September of 2023 to earlier this month, Mr. Travis was forced to sleep on the floor in two different cells in the 4-A cellblock. He was not provided a plastic boat in either cell and was forced to put his mattress directly on the floor.

85. The lack of space caused and continues to cause an enormous amount of tension and agitation for all the reasons noted above and there have been fights and assaults on

his unit, many of which were not seen by staff.

86. His unit is released into the day area outside their cells for at most four hours a day, but this areas is crowded as well.

87. The showers in 4-A have mold in them and the toilets leak, frequently requiring the third prisoner to put his mattress on the wet floor. He has had to put his mattress, without a plastic boat, onto the wet floor.

88. His block receives recreation two times a week for at most an hour at a time but the recreation area is extremely crowded, making it difficult to exercise.

89. Mr. Travis is Muslim and he is forced to conduct his daily prayers by the toilet as the correctional staff prohibit Muslims from praying in the day room – even if there was room to do it there. This violates his religious beliefs as his prayers must occur in a space that is clean.

90. In October of 2023, Mr. Travis filed a grievance complaining about the inhumane and unconstitutional overcrowding. He filed it electronically through the kiosk and received a response denying the grievance that specified that the unit was not overcrowded, which was not true. The electronic form, which is the only response that a prisoner now receives, had no box to check to appeal and no appeal remedy was provided. He was therefore unable to appeal this unsatisfactory response. He is aware that sometimes there is an ability to appeal further, but he is also aware that sometimes when the grievance is returned there is not ability to take a further appeal.

91. In October of 2023, he filed a separate grievance about how his religious rights were being burdened because, among other things, he was forced to pray in a cell with two other people in it. Again, the grievance was denied and he was provided no mechanism on the kiosk to appeal further. The form contained nothing to allow him to appeal further.

*Concluding allegations*

92. Frequent recreation outside of the cell area is essential so prisoners can "blow off steam" and minimize the tension that can, and frequently does, lead to violence. The plaintiffs and the other prisoners in the Howard County Jail are adversely affected by the lack of adequate recreation opportunities.

93. The overcrowding, the lack of meaningful out-of-cell time, and the lack of adequate staff supervision have caused, and continues to cause, tension and dangerous conditions for the plaintiffs and the other prisoners in the Howard County Jail.

94. Plaintiffs are concerned not only for their own safety, but for the safety of other prisoners who are similarly injured by conditions in the Jail. They believe that all prisoners are negatively affected by the overcrowding, endemic violence, lack of sufficient staff supervision, lack of recreation, and the other problems that all this causes.

95. The conditions in the Howard County Jail result in the denial of basic human needs and the minimal civilized measure of life's necessities, and amount to punishment.

96. Defendants have been on notice for years concerning the deficiencies in the

Howard County Jail, but have failed to take the necessary steps to resolve the overcrowding and other problems. At all times they have acted with knowledge of the conditions in the Howard County Jail and have been deliberately indifferent to the substantial risk of serious harm to the prisoners caused by the conditions in the Jail.

97. Howard County has failed in its mandatory duty to establish and maintain the Howard County Jail in a constitutional manner.

98. Defendant Sheriff has failed in his mandatory duty to take care of the Howard County Jail and the prisoners detained there in a constitutional manner.

99. The actions and inactions of the defendants are causing plaintiffs and the putative class irreparable harm for which there is no adequate remedy at law.

100. At all times defendants have acted and have refused to act under color of state law.

**Claim for relief**

101. The conditions of the Howard County Jail violate the Fourteenth Amendment to the United States Constitution as applied to pre-trial detainees and the Eighth Amendment to the United States Constitution as applied to convicted prisoners.

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Certify this case as a class action, with the class as defined above, and appoint undersigned counsel as class counsel pursuant to Federal Rule 23(g).

3.     Declare that the actions and inactions of defendants violate the United States Constitution for the reasons noted above.

4.     Enter a permanent injunction requiring defendants to take all steps necessary to ensure that the conditions of confinement at the Howard County Jail comply with the United States Constitution.

5.     Award plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

6.     Award all other proper relief.

> Kenneth J. Falk
> Stevie J. Pactor
> ACLU of Indiana
> 1031 E. Washington St.
> Indianapolis, IN 46202
> 317/635-4059
> fax: 317/635-4105
> kfalk@aclu-in.org
> spactor@aclu-in.org
>
> Attorneys for Plaintiffs and the Putative Class