UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES WARREN, JR., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:24-cv-00126-TWP-MJD |
| | ) |
| HOWARD COUNTY SHERIFF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Stipulation to Enter into Private Settlement Agreement Following Notice to the Class and Fairness Hearing**

The parties, by their counsel, stipulate and agree as follows:

**I.     The history of the case**

1.     This action was filed on January 19, 2024, and sought declaratory and injunctive relief against the defendants on behalf of four Howard County Jail detainees[1] (James Warren, Jr., Loren Lewis, Jeffrey Sarver, and Jaime Travis) and a putative class that they sought to represent pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

---

[1]     The term "detainee" as used herein is defined as any individual subject to detention regardless of that person's status as an arrestee, pretrial detainee, or sentenced and convicted prisoner.

[1]

2. The complaint alleges that the conditions of the Howard County Jail violate the 14th Amendment to the United States Constitution as applied to pretrial detainees and the 8th Amendment of the United States Constitution as applied to convicted detainees.

3. On January 19, 2024, the plaintiffs filed their Motion to Certify Case as a Class Action (Dkt. 4), and on April 17, 2024, the defendants filed their Notice of Stipulation to Class Action (Dkt. 27).

4. On April 29, 2024, this Court entered its order finding that the proposed class met the requirements of Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and certified this case as a class action pursuant to Rule 23(b)(2), with the plaintiffs as class representatives, and with the class defined as:

> all persons currently confined, or who will in the future be confined, in the Howard County Jail.

(Dkt. 28). Kenneth J. Falk and Stevie J. Pactor were named as counsel for the class. (*Id.*).

5. The parties now wish to settle this litigation and the disputes between them and therefore enter into this stipulation.

6. Plaintiffs acknowledge that the defendants' entry into this private settlement agreement is not, and shall not be construed as, an admission of liability and imposes no liability on the defendants or any of their agents, employees, officers, or other persons for any violation of law, constitutional or otherwise.

7. Inasmuch as the plaintiffs have sought relief under 42 U.S.C. § 1983 for violations of the United States Constitution, this litigation is subject to the Prison Litigation Reform

Act ("PLRA"), 18 U.S.C. § 3626, *et seq*. The PLRA imposes certain requirements on judicially sanctioned agreements made in litigation such as this but provides that the parties may enter into private agreements which are exempted from the requirements of the Act. 18 U.S.C. § 3626(c). However, such agreements are not subject to enforcement under federal law other than through potential reinstatement of the proceedings, although they are enforceable under state law as breaches of contract. *Id*.

8. Because this case has been certified as a class action, the Court must determine, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, whether the parties' agreement is a fair, reasonable, and adequate resolution of this matter. Defendants, through their counsel, have affixed their signatures to the agreement. The named plaintiffs and their counsel have also affixed their signatures to the agreement. Although this private settlement agreement has been agreed to by the above parties, it is not effective until after: (a) notice is given to the class; (b) the Court conducts the hearing required by Rule 23(e); and (c) the Court determines that the settlement is fair, reasonable, and adequate. The date of the Court's determination, if it makes such determination, is referred to hereafter as "the effective date."

9. Accordingly, the defendants and class counsel understand and acknowledge that this private settlement agreement is contingent on the Court finding that it is fair, reasonable, and adequate. They further understand and acknowledge that if the Court

finds that it is *not* fair, reasonable, and adequate, their agreements herein are void, and this document will not impose any obligations on either party.

10. If the Court finds that the proposed settlement is fair, reasonable, and adequate consistent with the requirements of Rule 23(e), this document is deemed a private settlement agreement under the PLRA.

11. This agreement is supported by good and valuable consideration, including but not limited to, the following: If found to be fair, reasonable, and adequate, the plaintiff class will agree that they will not seek a permanent injunction or final judgment in this case unless the case is reinstated as referred to in paragraph 7, above. The defendants agree that they will implement the substantive terms of the Private Settlement Agreement as set out below.

## II.   Agreed facts

12. The parties agree that there are currently 360 permanent beds in the Howard County Jail.

13. The parties acknowledge that some experts in jail management and operations hold the opinion that a jail is overcrowded before it reaches its maximum capacity due to the need to be able to classify prisoners.

14. The parties acknowledge that some experts in jail management and operations hold the opinion that a jail is overcrowded at 80% to 85% of its permanent bed capacity, because of the aforementioned need to be able to effectively classify prisoners.

[4]

15. The parties agree that, due to the volume of arrests being made by law enforcement officials in Howard County and rulings made by judges with jurisdiction over criminal cases, the Howard County Sheriff is regularly tasked with maintaining the custody of more than 360 prisoners. As a result, the Howard County Sheriff has been housing prisoners in other county jails in Indiana, and Howard County has been required to pay the cost.

16. The parties agree that an updated staffing survey of the Howard County Jail completed on October 23, 2024, determined that given the jail's current operations, there is a need for 72 full-time jail staff to manage and operate the current Howard County Jail.[2] As of the date of this agreement, the County had authorized and funded 67 full-time staff.

17. As of November 1, 2024, the Howard County Sheriff employed 63 full-time jail staff and was advertising to hire and fill the 4 funded, but currently vacant jail officer positions.

### III.   Substantive terms

*Introduction*

18. The parties agree that the Howard County Jail does not have enough permanent beds for all of the County's prisoners and that the lack of such beds makes it difficult for the Howard County Sheriff to properly separate prisoners by their security

---

[2] The 72 full-time jail staff includes 1 road crew supervisor, 1 maintenance supervisor, 55 full-time jail officers, 9 jail supervisors, and 6 jail administrators.

[5]

classifications. The parties agree that the current Howard County Jail has reached, if not exceeded, its functional and operational life as a jail. They agree that because the current jail was built as a "direct supervision" jail, it is obsolete in terms of its design and particularly staff-intensive in relation to modern jails. They also agree these issues require both "short-term" and "long-term" solutions.

19. The steps that will be taken while the long-term solution is being completed will be referred to as the "short-term solution."

*Agreement concerning the long-term solution*

20. Defendants agree that the long-term solution will be to build a new jail.

21. Defendants agree that the new jail must be designed and built with a sufficient number of permanent beds to house the county's current and anticipated prisoner population and include enough permanent beds for proper security classification and separation.

22. Defendants agree that the new jail must be designed and built with sufficient space to afford prisoners the opportunity for recreation outside their regular housing units consistent with their security classification and disciplinary history.

23. Defendants agree to staff the new jail with a sufficient number of personnel to manage and operate the jail to ensure to the greatest extent possible not only: (a) the health and safety of the prisoners; but also (b) the health and safety of the jail staff, civilian

County employees, contract personnel, and other individuals who will work or do business in the new jail.

24.     Defendants agree that they will employ sufficient personnel at the new jail to afford prisoners at least 5 one-hour recreation periods each week outside of their regular housing units consistent with their security classification and disciplinary history.

25.     Defendants will notify plaintiffs' counsel on or before May 1, 2025, about their plans for the following:

- the size of the facility (*i.e.*, number of permanent beds);
- the anticipated dates by which:
    - financing for the project will be secured as well as the method of financing;
    - the execution of a purchase agreement for the property on which the new jail will be located;
    - the approval from zoning and planning authorities;
    - the hiring of an architect and construction manager;
    - the approval of final architectural and engineering documents;
    - the initiation of construction of the new facility or the beginning of the renovation of the existing facility if the latter option is chosen;
    - the completion of construction of the new facility or the completion of the renovation of the existing facility if the latter option is chosen;
    - the occupancy by prisoners.

- The date by which Defendants will have a staffing survey done to determine the proper staffing levels for the new jail. This survey shall be done by a person with the necessary expertise who uses acceptable correctional standards in their analysis. Within 14 days of receiving the written staffing analysis, the defendants will provide a copy of it to class counsel. Defendants shall endeavor to fully fund and employ the staff positions recommended in the staffing analysis. In the event they believe that they will not be able to have the recommended staffing numbers on the personnel table and hired within six months of the opening of the new jail, they shall provide to class counsel a proposed schedule for funding and hiring any additional positions.

26. The parties agree that the new jail will not house any prisoners until such time as an inspector from the Indiana Department of Correction's County Jail Services Division inspects it, approves the physical structure's readiness for occupancy, and determines that all necessary requirements of the Indiana County Jail Standards, currently promulgated at 210 IAC 3-1-1, et seq., are met.

*Agreement concerning the short-term solution*

27. The plaintiffs recognize that while the long-term solution is being achieved, the existing jail will be utilized. The parties therefore agree to the following as a short-time solution until the new jail is built and ready for occupancy.

POPULATION ISSUES

28. All efforts will be made to keep the number of prisoners at the current Howard County Jail at or below 292.

29. In an effort to maintain the existing jail's population at or below 292, the Howard County Sheriff will continue, as necessary, to house Howard County Jail prisoners in alternate facilities, including out-of-county facilities, Howard County agrees to continue

to pay the expense. This paragraph shall not require the Sheriff to disregard or violate orders issued by the Howard County judiciary.

30. When the population of the existing Howard County Jail exceeds 292 for more than 7 consecutive days, the Sheriff or his designee shall have 24 hours to notify the following persons of that fact: (a) all Howard County judges with criminal jurisdiction; (b) the Howard County Prosecutor; (c) the president of the Howard County Commissioners; (d) the president of the Howard County Council.; and (e) class counsel. The parties agree that said notice may be provided electronically, such as by e-mail.

31. When the population of the existing Howard County Jail exceeds 292 for more than 7 consecutive days, the Sheriff or his designee shall contact the Indiana Department of Correction and to ask it to immediately accept any sentenced prisoners awaiting transfer to the Indiana Department of Correction.

32. The Howard County Sheriff denies that his agency requires prisoners without a permanent bed to sleep directly on the floor without a portable bed (sometimes referred to as a "boat"), mattress, and blanket. Nevertheless, the parties agree that no detainee shall be required to sleep directly on the floor without a portable bed, mattress, or blanket.

33. Class counsel will be provided a report on Monday of each week stating the population of the existing jail for each day in the seven-day period prior to that time. The population will be surveyed each day at approximately the same time of day. The time will be chosen by defendants. The report may be provided to class counsel electronically,

such as by e-mail.

### RECREATION AND OUT-OF-CELL TIME

34. Except for prisoners who are housed in segregation because of disciplinary or administrative reasons, all prisoners in the existing jail will be let out of their cells into the day areas outside of their cells for at least 12 hours a day, except that prisoners held in housing units 4A and 4B will be let out of their cells into the day areas outside of their cells for at least 9 hours a day. Prisoners who are in segregation will be allowed out of their cells at least 1 hour a day.

35. The parties agree that absent the exceptions noted below, all detainees housed in the existing Jail will be offered and provided at least 3 hours of recreation a week in the recreation areas in the existing jail pursuant to a regular schedule. The only exception to this is for prisoners who are in segregation, who shall be offered at least 1 hour a day outside of their cells. If prisoners are isolated or unable to be outside of their cells because of medical conditions and are unable to travel to the recreation areas, they shall be offered all recreation possible given their conditions. In the event that the schedule is not maintained, and the detainees do not receive the requisite hours, this will be reported within one week to class counsel.

### SUPERVISION AND STAFFING

36. The Howard County Sheriff denies that his agency does not comply with 210 IAC 3-1-14(a)(1). Nevertheless, during the pendency of this agreement, jail staff shall conduct

[10]

a visual check in addition to any observation by a monitoring device, of each cell block at least once every 60 minutes, which checks may be conducted on an irregular schedule and shall be documented

37. The parties agree that, in accordance with the updated staffing analysis completed on October 23, 2024, the Sheriff will seek to have an additional 5 correctional officers added to the personnel table and funded at the earliest opportunity.

38. The parties agree that the existing positions on the personnel table will not be decreased absent a staffing survey performed by a person with necessary expertise who uses accepted correctional standards in their analysis.

### IV.     Reporting requirements

35. The parties agree that the defendants will file a progress report with the Court summarizing relevant developments every 90 days. The first report will be filed no later than 90 days after the effective date of the Private Settlement Agreement and will include information from that 90-day period. After the first report, each subsequent report will only focus on the prior 90-day period. Each report will include at least:

    a. A summary of the current state of development and construction.

    b. The population of the existing jail on the date of the report.

    c. The current staffing of the existing jail, including the number of full-time and part-time employees, and any positions that have been allocated, but are unfilled.

    d. The number of days in the preceding three months that the

    population in the existing jail exceeded 292 persons.

 e. Whether detainees have been offered the 3 hours a week of recreation in the existing jail's indoor recreation area as stated above, and if not, the cell blocks not offered that amount of recreation and the reasons why.

## V.  Attorneys' fees and cost

36. The defendants deny that the named plaintiffs and the class members are prevailing parties as defined by 42 U.S.C. § 1988. The defendants also deny that the named plaintiffs are otherwise entitled to recover attorneys' fees or costs from the defendants under any federal or state statute or legal theory.  However, in the interest of resolving this litigation, and subject to notice to the class and approval by the Court as required by Federal Rule of Civil Procedure 23, defendants agree to pay class counsel attorneys' fees and costs in the total amount of $15,000.

37. This document shall be inadmissible as evidence of the plaintiffs' entitlement to attorneys' fees or costs in this action accrued prior to the effective date of this private settlement agreement under 42 U.S.C. § 1988, a private attorney general theory, or any other federal or state statute or legal theory.

38. Absent a future agreement by the parties, the plaintiffs agree that they are not entitled to attorneys' fees and costs incurred after the effective date of this private settlement agreement unless they demonstrate an independent entitlement under 42 U.S.C. § 1988. However, if the defendants comply with and do not breach the terms

agreed herein plaintiffs waive any claim of any entitlement to attorneys' fees and costs incurred in this action after the effective date of this private settlement agreement.

## VI.    Notice to the class

39.     The parties acknowledge that Rule 23(e) of the Federal Rules of Civil Procedure requires that before a class action is dismissed or compromised notice must be given to all class members prior to approval of any settlement.

40.     Attached hereto is a proposed class notice prepared by class counsel and agreed to by defendants' counsel.

41.     The parties agree that the notice, if approved by the Court, will be provided to the class by: (a) hand delivery of the notice by jail officers to each detainee in the existing jail on an agreed upon date; and (b) posting a copy of the notice in a prominent place in each living area of the existing jail for thirty (30) days.  For purposes of subsection (a), class counsel agrees to provide the defendants with a sufficient number of pre-printed notices for distribution to the detainees.

42.     Following the 30-day-notice period specified above, class counsel will report to the Court and to the defendants as to the comments received by class members and will make further recommendations as to whether, in their estimation, the Private Settlement Agreement is a fair, reasonable, and adequate resolution of this matter pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

43. At the current time, class counsel believe that this private settlement agreement is a just and equitable resolution of the current contested matters in this cause but wish to hear from the class before giving their final opinion as to this matter.

### VII. Further proceedings

44. As specified, the parties intend this document to be a private settlement agreement resolving all the contested issues in this cause. After its effective date, all parties reserve the right to seek a further hearing before the Court if deemed appropriate.

45. Absent an emergency, the parties agree that if any of them determine the need for a further hearing before the Court, their counsel will communicate that fact to the other's counsel at least 10 days before making any court filing.

46. The parties agree that absent an order from the Court or a subsequent written agreement by the parties, this private settlement agreement, if deemed to be fair, reasonable, and adequate and allowed by the Court to go into effect, should remain in effect until 30 days after the new Jail is occupied, at which time the case should be dismissed.

47. The parties agree that such dismissal should be with prejudice as to this action only, preventing this action from being revived by the named plaintiffs and any class member. The parties agree, however, that nothing precludes a future action for injunctive and declaratory relief brought after this time by a detainee at the new Jail.

### VIII. Parties' further requests of the Court

48.     The parties request that this Court find, after the required notice, that this proposed private settlement agreement is a fair, reasonable, and adequate settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

**For the defendants:**

/s/ *Pamela G. Schneeman*
(w/permission)
Pamela G. Schneeman
CLARK JOHNSON & KNIGHT, LTD.
11590 N. Meridian St., Suite 650
Carmel, IN 46032
317/844-3830
fax: 317/573-4194
pschneeman@cjklaw.com

**For the plaintiffs:**

/s/ *Kenneth J. Falk*
Kenneth J. Falk

/s/ *Stevie J. Pactor*
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

11-26-24
Date

*[signature]*
James Warren

11-20-24
Date

*[signature]*
Loren Lewis

12-08-24
Date

*[signature]*
Jaime Travis

11-21-24
Date

*[signature]*
Jeffrey Sarver

16