UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES WARREN, JR., *et al.*,          )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )          No. 1:24-cv-00126-MJD-TWP
                                      )
HOWARD COUNTY SHERIFF, *et al.*,      )
                                      )
            Defendants.               )

**Agreed Motion to Enter a Preliminary Injunction**

Come now the parties, by their counsel, and state that:

1.    On January 10, 2025, they filed their Stipulation to Enter into Private Settlement Agreement Following Notice to the Class and Fairness Hearing. (Dkt. 51).

2.    On June 10, 2025, following notice to the class and a fairness hearing, this Court found that the Private Settlement Agreement was fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e), and the Agreement took effect. (Dkt. 61).

3.    In paragraph 15 of the Agreement the parties stipulated that the Howard County Sheriff was regularly tasked with housing more prisoners than the rated capacity of the Howard County Jail.

4.    The parties also stipulated, in paragraph 14 of the Agreement, that some experts in jail management hold the opinion that a jail is overcrowded when the population exceeds 80% to 85% of its total beds.

[1]

5.      There are 360 beds in the Howard County Jail. 80% of this figure is 288 and 85% of that figure is 306.

6.      The average daily population in the Howard County Jail from January 26 2026 to February 1, 2026 was 345.6. However, to attempt to ease population pressures, as required by the Private Settlement Agreement, a significant number of prisoners each day were housed in other county facilities. For example, on February 2, 2026, there were 41 prisoners being held in other county jails, with 292 being held in the Howard County Jail.

7.      The parties agreed in the Private Settlement Agreement (paragraph 18) that "the Howard County Jail does not have enough permanent beds for all of the County's prisoners and that the lack of such beds makes it difficult for the Howard County Sheriff to properly separate prisoners by their security classifications."

8.      The parties further agreed in paragraph 18 that "the current Howard County Jail has reached, if not exceeded its functional and operational life as a jail. They agree that because the current jail was built as a 'direct supervision' jail, it is obsolete in terms of its design and particularly staff-intensive in relation to modern jails."

9.      In paragraph 18 of the Private Settlement Agreement, the defendants recognized that the problematic issues in the Howard County Jail had to be addressed with both short-term and long-term solutions.

10.      The selection of the long-term solution was up to the defendants, and they chose to build a new jail.

[2]

11.     Having elected to build a new facility, the Private Settlement Agreement requires the defendants to apprise plaintiffs' counsel of:

- the size of the facility (i.e., number of permanent beds);

- the anticipated dates by which:

    o    financing for the project will be secured as well as the method of financing;

    o    the execution of a purchase agreement for the property on which the new jail will be located;

    o    the approval from zoning and planning authorities;

    o    the hiring of an architect and construction manager;

    o    the approval of final architectural and engineering documents;

    o    the initiation of construction of the new facility or the beginning of the renovation of the existing facility if the latter option is chosen;

    o    the completion of construction of the new facility or the completion of the renovation of the existing facility if the latter option is chosen;

    o    the occupancy by prisoners.

12.     The defendants have taken various steps to attempt to comply with the long-term solution they have elected. Property has been purchased for the new facility and the defendants anticipated the following schedule:

- schematic design was completed by December 1, 2025;

- design Development was anticipated to be completed by February 16, 2026;

- construction Documents were to be bid by May 1, 2026;

[3]

- groundbreaking was anticipated to be October of 2026.

13. However, construction of the new facility has been delayed because of the requirement to obtain bond financing and the fact that the financing cannot be obtained at the current time, although the Howard County Council has approved an increase in the Local Income Tax to finance construction of the new facility by funding the annual debt service on bonds for the facility.

14. But financing is threatened because amendments to Indiana law contained in the budget bill of 2025, Indiana Senate Bill 1, enacted as SEA 1, limit the issuance of general obligation bonds and restrict how much of a county's Local Income Tax revenue can be pledged toward debt service. Additionally, a referendum can be required prior to certain debt-based projects.

15. The parties believe that delays, not of defendants' making, caused by the necessities of financing and SEA 1 can be resolved by an appropriate order from this Court.

16. SEA 1 provides that its limitations do not apply to a project that:

(A) is required by a court order holding that a federal law mandates the project; or

(B) is in response to a court order holding that:

(i) a federal law has been violated; and
(ii) the project is to address the deficiency or violation.

Ind. Code § 6-1.1-20-1.1(a)(5).

[4]

17.    Although the Private Settlement Agreement has resulted in a decrease in population, the population remains above the level where the Jail is overcrowded and classification becomes difficult, if not impossible. The facility design is "obsolete" and is staff intensive. (Dkt. 51 ¶ 18).

18.    The County is paying a large sum of money each day to house its prisoners in other county jails outside of Howard County in an attempt to lower the population. If the ability to fund this ceases and all those out-of-county prisoners are returned to the Howard County Jail, the overcrowding and problems attendant to overcrowding will immediately be catastrophic.

19.    The facility remains a building that has reached, if not exceeded, its operational life and suffers from a host of problems from which an obsolete, but intensively used, jail facility nearly always suffers.

20.    The Private Settlement Agreement was not intended to be a permanent solution to what plaintiffs alleged were unconstitutional conditions at the Howard County Jail. Instead, plaintiffs entered into the Private Settlement Agreement instead of moving forward with the litigation in anticipation of the alleged constitutional problems in the jail being resolved consistent with the Private Settlement Agreement.

21.    If a new facility is not going to be constructed, or if the problems alleged in plaintiffs' complaint are not going to be permanently resolved in another fashion, class counsel does not believe that the Private Settlement Agreement will any longer be a fair,

[5]

reasonable, and adequate resolution of the underlying case as class counsel does not believe that it resolves the underlying problems that gave rise to the case.

22.    Paragraph 44 of the Private Settlement Agreement allows either party to the litigation to seek a further hearing before the Court.

23.    Counsel for the parties have discussed the current funding impediments to the building of the new facility.

24.    Assuming that this funding can be secured, plaintiffs continue to believe that the Private Settlement Agreement is a fair, reasonable, and adequate resolution of this case.

25.    The parties agree that it would be a waste of resources for plaintiffs to ask to vacate the Private Settlement Agreement and begin this litigation anew given the parties' basic agreement that the Private Settlement Agreement is an appropriate resolution of the case.

26.    The defendants do not agree or concede that any constitutional or other federal violations would ultimately be found if the case went to trial if the Private Settlement Agreement were vacated.

27.    However, the defendants concede that due to the population pressures on the Howard County Jail and due to its age, layout, and physical structure, plaintiffs would be likely to prevail if they sought a preliminary injunction in this matter.

28.    Specifically, if the case proceeded to a preliminary injunction determination the plaintiffs would be able to demonstrate:

[6]

- a probability of success on the merits that the conditions in the Howard County Jail violate the Fourteenth Amendment rights of pretrial detainees and the Eighth Amendment rights of convicted detainees;

- that without a preliminary injunction plaintiffs will be caused irreparable harm for which there is no adequate remedy at law;

- the balance of harms favors a preliminary injunction;

- the public interest will be served by the grant of a preliminary injunction.

29.     The parties agree that to safeguard the constitutional rights of the plaintiffs, action must be taken to resolve the ongoing problems in the existing Howard County Jail. Building a modern facility with room for the prisoners, programs, and recreation would resolve the ongoing constitutional problems. However, the parties acknowledge that the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(1)(C), prevents this Court from ordering the construction of a new facility or the raising of taxes for that purpose.

30.     However, there is nothing in the PLRA that prevents a defendant from consenting to constructing a new facility and the attendant costs. *See, e.g., Plata v. Schwarzenegger*, No. C01-1351 TEH, 2008 WL 4847080, at *6 (N.D. Calif. Nov. 7, 2008).

31.     Under the PLRA any permanent or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the violation of federal rights, and be the least intrusive means necessary to correct the violation of the federal rights. 18 U.S.C. § 3626(a)(1)(A), (2).

32.     The parties agree that the existing Private Settlement Agreement is narrowly drawn, extends no further than necessary to correct the violation of federal rights in this

[7]

case, and is the least intrusive means necessary to correct the violation of the federal rights here, assuming it is fully implemented.

33.     As noted, the defendants have elected to construct a new facility to abide by the terms of the Private Settlement Agreement.

34.     The parties therefore agree to a preliminary injunction that requires the defendants to comply with the previously approved Private Settlement Agreement in order to assure that plaintiffs' constitutional rights are safeguarded.

35.     The parties agree that the preliminary injunction should issue without bond.

36.     The parties agree that the Private Settlement Agreement will not be altered in any way by the preliminary injunction. Given this, class counsel does not believe that additional class notice is necessary.

37.     The parties agree that when the preliminary injunction expires as required by the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(2), the Private Settlement Agreement will remain in full force and effect.

WHEREFORE, the parties request that this Court:

a.      enter a preliminary injunction, without bond, requiring that defendants comply with the terms of the above-described Private Settlement Agreement so as to prevent violation of the constitutional rights of the plaintiffs;

b.      leave the Private Settlement Agreement undisturbed;

c.      award all other proper relief.

[8]

Kenneth J. Falk                          /s/ *Pamela G. Schneeman*
Stevie J. Pactor                         (w/ permission)
ACLU of Indiana                          Pamela G. Schneeman
1031 E. Washington St.                   Clark Johnson & Knight, LTD.
Indianapolis, IN 46202                   11590 N. Meridian St.
317/635-4059                             Suite 650
fax: 317/635-4105                        Carmel, IN 46032
kfalk@aclu-in.org                        317/844-3830
spactor@aclu-in.org                      pschneeman@cjklaw.com

Attorneys for Plaintiffs and the Class   Attorney for Defendants